UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

RYAN CHASE MORGAN,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　No. 6:20-CV-00205-REW-HAI
v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　　OPINION AND ORDER
CALEB ROLLINS,　　　　　　　　　)
Individually,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendants.　　　　　　　　)

\*\*\*  \*\*\*  \*\*\*  \*\*\*

On June 9, 2022, Defendant Caleb Rollins moved for partial summary judgment, asking the Court to dismiss Plaintiff Ryan Chase Morgan's negligence and gross negligence claims and any deliberate indifference to medical care claim. *See* DE 18-1 (Motion). The filing is unopposed. For the following reasons, the Court **GRANTS** Defendant's motion.

## I.　　Background

The Court gleans these facts from the motion, Plaintiff's deposition, and the complaint allegations:　On October 10, 2019, Plaintiff Ryan Chase Morgan was arrested at St. Joseph Hospital in London, Kentucky. *See* DE 18-1 at 2. Morgan was arrested on charges of criminal trespassing; fleeing or evading police; menacing; and resisting arrest. *Id*. After his arrest, Morgan was transported to Laurel County Detention Center ("LCDC"). *Id*. Morgan admits to being intoxicated both at the hospital and when he arrived at LCDC. *See* DE 17 at 74, lines 18-20; lines 23-24 (Morgan's Deposition).

Upon arrival at LCDC, Defendant Caleb Rollins, a correctional officer, reported that Morgan "was extremely intoxicated" and was rambling incoherently. *See* DE 1 at 3 ¶ 7 (Complaint). Morgan also reported feeling suicidal. *Id*. Subsequently, Rollins changed Morgan

into "intake/suicide watch" clothes, placed restraints on his wrists, and placed him in a "staging chair." *Id* at ¶ 8. Morgan became combative, spitting twice at Rollins. *Id*. at ¶ 9 In response, Rollins "drew [his] Oleoresin Capsicum spray and deployed a 1-2 second burst to the facial area of inmate Morgan." *Id*. at ¶ 10. Morgan alleges that Rollins then verbally threatened him for spitting in Rollins's face. *Id*. at ¶ 12.

After this interaction, Morgan alleges that Rollins "used unlawful, excessive force against Plaintiff Morgan by physically lifting [him when he] was handcuffed out of the restraint chair and violently throwing [him] to the concrete floor with the full force of Defendant Rollins['s] large body falling hard on him crushing his hip and leg on one side causing serious physical injuries to Plaintiff Morgan." *Id*. Rather than receiving immediate medical attention, Morgan alleges he was taken to the shower room to be "decontaminated" and returned to the restraint chair. *Id*. at ¶ 13. Eventually, he was taken to the University of Kentucky Hospital in Lexington, KY for evaluation and treatment. *Id*. at ¶ 14.

As a result of the accident, Morgan allegedly sustained an acetabular fracture to his hip, a dislocated hip, a dislocated knee, and a fracture in his knee, all of which required surgery to repair. *See* DE 17 at 105, lines 5-23; DE 17 at 103, lines 6-12. Morgan also claims to suffer from PTSD. *Id*. at 106, line 1. To recover for his injuries, Morgan sued Rollins in this Court. *See* DE 1 at 1 ¶ 1. In his complaint, Morgan alleges that Rollins used excessive force, violating Morgan's Fourth Amendment right to be free from unreasonable searches and seizures. *Id*. at 4-5 ¶ 17. Morgan also brought state law claims for negligence,[1] gross negligence, and assault and battery. *Id*. at 1 ¶ 1.

---

[1] In Morgan's negligence and gross negligence claim, he alleges that "Defendant *Hale*, individually, was negligent and grossly negligent thereby causing Plaintiff's death and subsequent damages to his estate." The Court notes that there is no "Defendant Hale" named in this case or referenced in any of the case materials outside of the Complaint. Further, Morgan did not die from the injuries he sustained. The allegation plainly came from an inapplicable pleading form or version.

Morgan was deposed in this matter on November 18, 2021. *See* DE 17. Then, on June 9, 2022, Rollins filed a motion for partial summary judgment. *See* DE 18-1. Morgan has not responded to Rollins's motion.

## II.    Local Rule 7.1

As an initial matter, Rollins's motion for partial summary judgment remains unopposed. Under Rule 7.1(c) of the Joint Local Rules of Civil Procedure, "[u]nless otherwise ordered by the Court, a party opposing a motion must file a response within 21 days of service of the motion. Failure to timely respond to a motion may be grounds for granting the motion." LR 7.1(c); *accord Erickson v. United States Dep't of Agric.*, 5:15-cv-00278-JMH, 2016 WL 3546135, at *2-3 (E.D. Ky. June 23, 2016) (granting motion to dismiss because, among other things, plaintiff failed to respond within twenty-one days of service). The lack of response leaves the motion and Rollins's assertions unopposed.

Importantly, the Court may not grant summary judgment based solely on the absence of a response. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991) ("In other words, a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded."); *see also* FED. R. CIV. P. 56(e) (listing options when response inadequate). The Court may consider unaddressed facts as "undisputed" but may grant summary judgment only "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." FED. R. CIV. P. 56(e).

Here, Rollins filed his motion on June 9, 2022. *See* DE 18. To comply with Rule 7.1(c), Morgan should have responded by June 30, 2022. The default leaves the motion unopposed and the supported factual assertions unaddressed. The Court treats them as undisputed and continues with the Rule 56 rubric.  Further, the motion essentially posits that Morgan did not mean to include

and thus did not include certain claim species—the lack of opposition validates that strategic criticism by the defense.

### III.    Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a genuine dispute exists, the Court considers all facts and draws all inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Further, the court may not "weigh evidence [or] determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986). If the moving party satisfies its burden, the burden then shifts to the non-moving party to produce "specific facts" showing a "genuine issue" for trial. *Id.* However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Id.* at 2552.

A fact is "material" if the underlying substantive law identifies the fact as critical. *See Anderson*, 106 S. Ct. at 2510. Then, "[o]nly disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* An issue is "genuine" if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 2511 (citing *First Nat'l Bank of Az. v. Cities Servs. Co.*, 88 S. Ct. 1575, 1592 (1968)). Such

4

evidence must be suitable for admission into evidence at trial. *See Salt Lick Bancorp v. FDIC,* 187 F. App'x 428, 444-45 (6th Cir. 2006). Again, this issue is more about the structure of the complaint, and its included allegations, than the factual record in the case. The analysis proceeds.

## IV. Analysis

### a. Negligence and Gross Negligence

Under Kentucky law, to establish a negligence claim, a plaintiff must show: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; and (3) the defendant's breach caused the plaintiff's injury. *See Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky. 2003). Prison officials owe a duty to prisoners to keep them safe and to protect them from unnecessary harm. *Hall v. Midwest Bottled Gas Dist., Inc.*, 532 S.W.2d 449, 452 (Ky. App. Ct. 1975) (citing 60 Am. Jur. 2d, Penal and Correctional Institutions, § 17). Prison officials also have a duty "to exercise reasonable and ordinary care and diligence to prevent unlawful injury to a prisoner placed in his custody, [and] he cannot be charged with negligence in failing to prevent what he could not reasonably anticipate." *Ratliff v. Stanley*, 7 S.W.2d 230, 232 (Ky. App. Ct. 1928). Causation consists of two parts: actual causation and legal causation. *See Lewis v. B & R Corp.*, 56 S.W.3d 432, 437 (Ky. Ct. App. 2001). To prove actual causation, a plaintiff must show the defendant's conduct was a "substantial factor" in bringing about the plaintiff's injury. *Id.* As for legal causation, a plaintiff must show a claimed injury was a "natural and probable" consequence of the defendant's conduct. *Spivery v. Sheeler,* 514 S.W.2d 667, 672 (Ky. 1974).

Gross negligence, as defined by Kentucky law, "means a 'wanton or reckless disregard for the lives, safety, or property of others.'" *Saint Joseph Healthcare, Inc. v. Thomas*, 487 S.W.3d 864, 870 (Ky. 2016) (quoting *Gibson v. Fuel Transport, Inc.*, 410 S.W.3d 56, 59 (Ky. 2013)). For

a plaintiff to recover punitive damages, the evidence must either satisfy the statutory standard found in KRS § 411.184(2) or the common law standard for gross negligence. *Id*.

In the instant motion, Rollins seeks summary judgment for Morgan's negligence and gross negligence claims for two reasons. First, the Complaint fails to state a claim for negligence or gross negligence against Rollins. *See* DE 18-1 at 4. Second, Morgan's factual allegations cannot be properly characterized as either negligence or gross negligence claims. *Id*. at 5. Based on the undisputed record, the Court agrees.

First, as Rollins notes in his motion, Morgan does not adequately plead any facts sufficient to state a claim for either negligence or gross negligence against Rollins. In fact, the Complaint does not name Rollins as the tortfeasor – instead, naming a "Defendant Hale," a non-existent defendant. *See* DE 1 at 6 ¶ 25. The only mentions of "Defendant Hale" in all of the case materials appear in ¶ 20 and ¶ 25 of the Complaint. Further, the complaint alleges that "Defendant Hale" negligently and grossly negligently caused Morgan's *death and damages* to his estate. *See* DE 1 at 6 ¶ 25. Morgan's recounting of the events at issue confirm that he survived his interaction with Rollins. The assertions simply do not apply to the defendant named in the case or the foundational case circumstances.

Even ignoring the factual inaccuracies of Morgan's Complaint, he still fails to state a claim for either negligence or gross negligence. The Complaint does not address whether Rollins owed a duty to Morgan, whether Rollins breached this duty, or whether Rollins's breach caused Morgan's injuries. Nor does the Complaint show that Rollins's conduct showed "wanton or reckless disregard for the lives, safety, or property of others." *Saint Joseph Healthcare, Inc.* 487 S.W.3d at 870. Instead, Morgan merely relies on previous allegations made in the Complaint. *See* DE 1 at 6 ¶ 24. None of the prior allegations sounds in or establishes claims for either negligence

6

or gross negligence. *See Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017) (citing *Lujan v. Nat'l Wildlife Fed'n*, 110 S. Ct. 3177, 3188 (1990)) ("Conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment."). "At the summary judgment stage, a district court may dismiss a cause of action if the complaint fails to state a claim upon which relief may be granted." *K.K. by and through J.K. v. Clark County Board of Education*, 439 F.Supp.3d 905, 919 (E.D. Ky. 2020). Thus, given the failure to state a claim for the negligence and gross negligence claims, summary judgment would be appropriate.

Second, even if the Court were to look past Morgan's failure to state a claim, his allegations are not properly considered, in concept, to be negligence or gross negligence. Courts in the Sixth Circuit have found that claims regarding a law enforcement officer's use of excessive force are not negligence or gross negligence claims if those claims hinge solely on the alleged illegal force. *See, e.g.*, *Bletz v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011); *Livermore ex rel Rohm v. Lubelan*, 476 F.3d 397, 408 (6th Cir. 2007); *Bell v. Porter*, 739 F.Supp.2d 1005, 1014-1015 (W.D. Mich. 2010). In *Hall v. Braun*, the court stated:

> As other decisions in this District have recognized, the Estate is "incorrect in [its] assertion that a police officer's use of excessive force can be analyzed as a negligence claim." *Ali v. City of Louisville*, No. 3:05-cv-427, 2006 WL 2663018, at *8 (W.D. Ky. Sept. 15, 2006); *see also Woodcock v. City of Bowling Green*, 165 F.Supp.3d 563, 605 (W.D. Ky. 2016), *rev'd on other grounds*, 679 F.App'x 419 (6th Cir. 2017). When [the officer] deliberately exceeds the privileged amount of force by committing an unwarranted violence on the arrestee, he is liable for the tort of battery, not for negligence." *Turner v. Hill*, No. 5:12-cv-195, 2014 WL 549462, at *10 (W.D. Ky. Feb. 11, 2014). This is true because "each time an officer uses force, he commits an intentional act of battery for which he is liable, *unless* he is clothed by a privilege permitting him to use a reasonable amount of force." *Ali*, 2006 WL 2663018, at *8 (emphasis added). If a plaintiff's battery theory fails because the officer used reasonable force, then the law of negligence does not offer a fallback tort based on those same intentional actions. *See Turner*, 2014 WL 546462, at *10. ("To permit a separate claim for negligence premised on the same

conduct by the officer is logically and doctrinally unsupportable.") (collecting cases).

546 F.Supp.3d 553, 564 (W.D. Ky. 2021). Morgan's negligence and gross negligence claims are entirely premised on Rollins's alleged use of excessive force after Morgan was arrested and placed in LCDC custody. *See* DE 1 at 6 ¶ 24. If Morgan had a sufficient, independent basis to establish negligence and/or gross negligence, his claims may have survived. *See, e.g.*, *Bell*, 739 F.Supp.2d at 1015 ("It appears to the Court that although Plaintiff's excessive force claim is based on the same incident as her assault and battery claim, she has adequately alleged an alternative basis for the [gross negligence] claim that does not rely on an intentional, offensive touching."). However, Morgan does not allege "an alternative basis" to support either claim. For these reasons, Morgan's negligence and gross negligence, such as they are, cannot survive summary judgment.   By not contesting the argument, Morgan accedes.

### b.  Failure to Provide or Facilitate Proper Medical Care

Rollins also asks the Court to dismiss "the Plaintiff's claim that the Defendant failed to provide or facilitate proper medical care." *See* 18-1 at 8. Rollins perceives that this claim is contained within Morgan's excessive force claim under 42 U.S.C. § 1983. *Id*. at 6. In support, Rollins cites ¶ 13 of the Complaint, where Morgan alleges that he was not taken to the hospital immediately after he was injured. Despite Rollins's assertions, Morgan never makes a claim for failure to provide or facilitate proper medical care, not within his excessive force claim or in any part of the Complaint. *See* DE 1. Morgan does discuss both in the Complaint and in his deposition that he did not receive immediate medical intervention. *See* DE 1 at 4 ¶ 13; DE 17 at 93, lines 12-25. However, he does not go as far as to make a specific claim, against the named defendant, for relief regarding this failure.

On a motion for summary judgment, a moving party must "identify[ ] each claim or defense – or the part of each claim or defense – on which summary judgment is sought." FED. R. CIV. P. 56(a). To do so, the party must look toward the complaint itself. When evaluating a motion for summary judgment, the court should also look to the pleadings. "The court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways a plaintiff has not asserted." *Hoppe v. Percheron Assoc., LLC*, No. 11-cv-032330CBS, 2012 WL 3135378, at *3 (D. Colo. Aug. 1, 2012) (citing *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 103 S. Ct. 897, 903 (1983)). If a claim is not asserted in the operative complaint, then a court cannot consider it when evaluating a motion for summary judgment. *See Tucker v. Brooks*, No. 19-12514, 2022 WL 2813037, at *2 (E.D. Mich. July 18, 2022) ("The Court cannot consider claims not asserted in the operative complaint."). Accordingly, a court cannot dismiss a claim that was not pleaded in the complaint. *Id*. ("The Court may only grant judgment on claims in issue in a case."). The end result here is that the Court does not consider a deliberate indifference claim to be contained in the Complaint. Although there is not a claim to dismiss, the resolution is the same; that claim is not before the Court.

## V.   Conclusion

For the above reasons, the Court **GRANTS** DE 18.   The parties shall file a joint status report within ten days indicating a) trial readiness; b) trial length; and c) availability in the late spring or summer of 2023.

This the 31st day of January, 2023.



**Signed By:**

*Robert E. Wier*

**United States District Judge**